|   |   |
|---|---|
| JACK SERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1:24-cv-00295-CDB (SS)<br><br>FINDINGS AND RECOMMENDATION TO GRANT STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 17)<br><br>Clerk of the Court to Assign District Judge |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Pending before the Court is the stipulated request of Plaintiff Jack Servantes ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,750.00 to counsel for Plaintiff, Jonathan O. Peña.  (Doc. 17).

The parties agree that an award of attorney's fees to counsel for Plaintiff should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Jonathan O. Peña.  *Id*. at 2.

On July 25, 2024, the Court granted the parties' stipulated motion for a voluntary remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for a new decision.  (Doc. 15).  Judgment was entered the same day.  (Doc. 16).  On October 23, 2024, Plaintiff filed the pending stipulation for attorney fees as a prevailing party.  (Doc. 17).  *See*

*Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607-08 (9th Cir. 2007). The Commissioner does not oppose the requested relief. (Doc. 17).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $6,750.00 in EAJA fees. (Doc. 17). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly rate ($244.62),[1] the requested award would amount to approximately 28 hours of attorney time (not accounting for any paralegal time expended). The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the certified administrative record in this case (1,265 pages; Doc. 9) and preparing a motion for summary judgment that includes nine pages of argument. (Doc. 10 at 4-13). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for a new decision. (Docs. 15 at 2-3, 16).

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice Act*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 24, 2024).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 17) be GRANTED; and

2. The Commissioner be directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $6,750.00, pursuant to the terms set forth in the parties' stipulation. (Doc. 17). Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth in the stipulation.

The Clerk of the Court is directed to randomly assign a District Judge.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days of being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 28, 2024**

UNITED STATES MAGISTRATE JUDGE